UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WRIGHT FAMILY LAW GROUP, P.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:19-cv-11323 <br> ) <br> ) <br> ) <br> ) |

### **NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Google LLC[1] ("Google") hereby gives notice of removal of the state court action described below from the Superior Court of Middlesex to the United States District Court for the District of Massachusetts (the "Notice of Removal").

### I.   BACKGROUND

1. On March 6, 2019, Plaintiff Wright Family Law Group, P.C. ("Plaintiff") initiated a civil action against Google and Wix, Inc. ("Wix") by filing a Complaint in the Superior Court of Middlesex, captioned *Wright Family Law Group, P.C. vs. Wix, Inc. and Google, Inc.*, Case No. 1981CV00623 (the "Action"). True and correct copies of the Summons and Complaint and all other documents served on Google are attached as Exhibit A.

2. In its Complaint, Plaintiff alleges that it contracted with Wix for premium GSuite (Gmail) email services, and Plaintiff's account was hacked. *See* Exhibit A at pp. 2-3. Plaintiff claims to be damaged because Wix did not provide it with prompt customer service to help it

---

[1] Google LLC was previously known as Google Inc.

recover its account. *Id.* Plaintiff brings claims against Wix for negligence, breach of contract, and violation of M.G.L. Ch. 93A and a claim against Google for Preliminary Injunction to prevent Google from automatically purging emails that the hacker may have deleted. *Id.* at pp. 3-5. Plaintiff alleges that "[d]amages in this case exceed $25,000" for purposes of venue. *Id.* at p. 2; *see also id.* at 8 (alleging that damages exceed $25,000 due to Defendants' purported refusal to help Plaintiff regain access to its account).

3. The Summons and Complaint was served on Google via certified mail March 7, 2019.

4. On April 10, 2019, Plaintiff dismissed Wix from the case with prejudice on the grounds that there was no breach of Wix's systems. *See* Exhibit A at p. 29.

5. On May 17, 2019, Plaintiff served Google with a Motion to Amend Complaint and Proposed Amended Complaint ("Proposed Complaint"). *See* Exhibit B.[2] In its Proposed Complaint, Plaintiff only asserts claims against Google for (1) negligence; (2) breach of quasi-contract/constructive contract; (3) negligent misrepresentation; (4) violation of M.G.L. c. 93A § 11; and (5) a preliminary injunction. *See id.*, pp. 4-6. The Proposed Complaint also seeks damages against Google in excess of $25,000. *Id*. at p. 2.

6. The Proposed Complaint alleges that Plaintiff purchased premium GSuite (Gmail) email services and that Plaintiff's account was hacked. *Id.* at pp. 2-4. Plaintiff alleges that it contacted Google for assistance and that Google did not provide a meaningful response. *Id.* Plaintiff claims it did not have access to its accounts for two weeks but ultimately regained

---

[2] Google has redacted a reference to a confidential business term included on page 6 of Exhibit B. Google has requested Plaintiff remove the reference from any publicly filed documents and understands that Plaintiff is considering the request.

access to the accounts. *Id.* Plaintiff also alleges that about three months later its Google Voice number was breached. *Id.*

7. On June 3, 2019, Google received a demand letter from Plaintiff that sets forth detailed, itemized current and future damages totaling over $92,000. Plaintiff also maintains that it will seek attorney's fees and treble damages under M.G.L. c. 93A § 11.

8. Google has not responded to the Complaint, as the parties have agreed to multiple extensions to attempt to resolve this dispute informally.

9. On June 6, 2019, Google informed Plaintiff that Google would not oppose the Motion to Amend, as Plaintiff is entitled to amend her Complaint under Massachusetts law. Mass. R. Civ. P. 15(a) ("[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served….").

10. To date, Plaintiff has not filed either the Motion to Amend or the Proposed Complaint. Therefore, the Complaint remains the operative pleading at this time.

## II. GROUNDS FOR REMOVAL

**A. The Court Has Jurisdiction Over This Action**

11. Under 28 U.S.C. §§ 1332, 1441, and 1446, this Court has original jurisdiction over any action in which (1) the notice of removal has been filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable; (2) there is complete diversity of citizenship between plaintiff and defendant; (3) no defendant is a citizen of Massachusetts; and (4) the amount in controversy exceeds $75,000, exclusive of interest and costs. Google satisfies each of these requirements, and this Action therefore may be removed pursuant to 28 U.S.C. § 1441(b).

### i.   The Notice of Removal is Timely.

12.  At the time the Complaint was filed and served, Google was unable to ascertain the removability of the action, as the Complaint only sought damages in excess of $25,000. *See* Exhibit A at 2.

13.  However, on June 3, 2019, Google received a demand letter from counsel that itemized damages totaling over $75,000.

14.  Accordingly, as of June 3, 2019, Google is on notice that the criteria for removal are met. *See* 28 U.S.C. § 1446(b)(C)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) ("We hold that correspondence from the plaintiff to the defendant concerning damages" can trigger the 30-day removal clock); *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 323 (D. Mass. 2016) ("An initial settlement demand can be an 'other paper' if it is the first document that informs the defendant that the case is removable.").

15.  This Notice is being filed within 30-days of receipt of the demand letter.

### ii.  **Complete Diversity Exists Between the Parties.**

16.  Plaintiff is a professional corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.  Exhibit A at p. 2.

17.  Plaintiff brought this lawsuit against Google Inc.  As of September 30, 2017, Google Inc. is now called Google LLC.  The new Google LLC is "deemed to be the same entity" as the old Google Inc.  Del. Code § 266(h).

18.  Google Inc. was a corporation incorporated in Delaware with its principal place of business in Mountain View, California.  Therefore, Google Inc. was a citizen of Delaware and California.  *See* 28 U.S. Code § 1332(c)(1) ("a corporation shall be deemed to be a citizen of

every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

19. Google is now a limited liability company. The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member.").

20. Google LLC's sole member is XXVI Holdings Inc., a Delaware corporation with its principal place of business in Mountain View, California. Therefore, XXVI Holdings Inc. is a citizen of Delaware and California. *See* 28 U.S. Code § 1332(c)(1).

21. Accordingly, Google LLC is a citizen of Delaware and California, the citizenship of its sole member. *Delay*, 585 F.2d at 1005.

22. Wix has been dismissed and therefore its citizenship is irrelevant.

23. No Defendant is a resident of Massachusetts.

### iii. The Amount in Controversy Requirement is Satisfied.

24. Plaintiff's Complaint seeks damages in excess of $25,000.

25. In her demand, Plaintiff itemizes her damages in the amount of $92,000.

26. Plaintiff also intends to seek attorney's fees and treble damages in her Proposed Complaint, Exhibit B at pp. 7-9. *See Baker v. Equity Residential Mgmt., L.L.C.*, 996 F. Supp. 2d 1, 7 (D. Mass. 2014) (treble damages and attorney's fees are included in the jurisdictional minimum calculation when sought under Mass. Gen. L. c. 93A, § 9(3)-(4)).

27. Therefore, the amount in controversy here exceeds the amount required for diversity jurisdiction.

**iv.     Google Has Satisfied All Other Requirements for Removal.**

28.     <u>Attachment of Pleadings</u>.  Pursuant to 28 U.S.C. § 1446(a), Google has attached all process, pleadings, or orders in the Action served on Google to this Notice of Removal as Exhibit A.  A true and correct copy of the docket for this Action is attached as Exhibit C.

29.     <u>Joinder</u>.  Pursuant to 28 U.S.C. § 1446(b), all properly joined and served defendants join in and consent to removal of this Action to this Court.  Wix is not required to consent because it is no longer a defendant in this action.

30.     <u>Intradistrict Assignment</u>.  Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the Action is pending.

31.     <u>Notice to State Court/Plaintiff</u>.  A copy of the Notice of Filing of Notice of Removal, attached as Exhibit D, will promptly be filed with the clerk of the Superior Court of Middlesex, and served on Plaintiff pursuant to 28 U.S.C. § 1446(d).  Pursuant to Rule 5(d) of the Federal Rule of Civil Procedure, Google will also file with this Court a Certificate of Service of its Notice to Plaintiff.

**B.     Non-Waiver of Defenses**

32.     Google expressly reserves all of its defenses.  By removing the Action to this Court, Google does not waive any rights or defenses available under federal or state law.  Google expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that this Court has personal jurisdiction over Google, that venue is proper, or that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.  *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of

the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 302 (D. Mass. 2003) (removal from state to federal court does not waive the right to object to a lack of personal jurisdiction) (citing *Nationwide Engineering & Control Systems, Inc. v. Thomas*, 837 F.2d 345, 347–348 (8th Cir.1988)).

WHEREFORE, Google hereby removes the Action now pending in the Superior Court of Middlesex to this Court.

DATED:  June 13, 2019

GOOGLE LLC,

By its attorneys,

/s/ Sarah P. Kelly
Sarah P. Kelly (BBO# 664267)
skelly@nutter.com
James W. Gately (BBO#698443)
jgately@nutter.com
Nutter McClennen & Fish LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:	(617) 439-2000
Facsimile:	(617) 310-9000

- 8 -

**<u>CERTIFICATE OF SERVICE</u>**

   I certify that, on June 13, 2019 this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                 /s/ Sarah P. Kelly
                 Sarah P. Kelly

4521074.2
4521074.4