Exhibit B



# WRIGHT FAMILY
## LAW GROUP

---

1445 Main Street  Tewksbury, MA 01876
Tel (978) 851-2291 • Fax (978) 851-2292

May 17, 2019

**VIA ELECTONIC MAIL AND FIRST CLASS POST**

Sarah Kelly, Esq.
Nutter McClennen & Fish LLP
155 Seaport Blvd
Boston, MA 02210

**RE:** **WRIGHT FAMILY LAW GROUP, P.C. v. GOOGLE, INC.**
**Middlesex County Superior Court**
**Docket No. 1981CV00623**

Dear Attorney Kelly:

Enclosed please find the following:

1. Plaintiff' Motion to Amend Complaint; and
2. Amended Complaint.

Please forward your opposition, if any, in accordance with the time prescribed by Superior Court Rule 9A.

Thank you in advance for your attention to this matter.

Very Truly Yours,

Ellen Anna Wright

/Enc.

RECEIVED
MAY 2 0 2019

---

# Commonwealth of Massachusetts

MIDDLESEX, SS.    `                          SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO. 1981CV00623

| | |
|---|---|
| WRIGHT FAMILY LAW GROUP, P.C ) | |
|      Plaintiff ) | |
| ) | |
| v. ) | **MOTION TO AMEND COMPLAINT** |
| ) | |
| GOOGLE, INC. ) | |
|      Defendant ) | |

NOW COMES Wright Family Law Group, P.C. (hereinafter "WFLG") plaintiff in the

above captioned matter and respectfully requests leave of Court to amend the complaint

as to defendant Google filed March 6, 2019 pursuant to Mass. R. Civ. Pro. 11.  the

plaintiff states that the new facts have surfaced which warrant revision to the counts

contained in the original complaint, specifically claims made under M.G.L. c. 93A.

Mass. R. Civ. P. 15(a) provides that leave to amend pleadings shall be freely given when

justice so requires.  Massachusetts enjoys a long standing liberal policy of allowing

amendments to pleadings. *See* e.g. Bengar v. Clark Equipment Co., 401 Mass. 554,556

(1988).  A motion to amend should be allowed unless there is a good reason to deny it.

Haves v. New England Millwork Distributors, Inc., 602 F. 2d 15, 19 (1979)  Here there is

no reason to deny the motion to Amend Complaint.  Moreover, this action has only

recently been commenced and the parties have not yet begun to engage in discovery.

Respectfully Submitted
Wright Family Law Group,
By it's Attorney

Ellen Anna Wright BBO #675339
Wright Family Law Group
1445 Main Street
Tewksbury, MA 01876
978-851-2291 Tel.
978-851-2291 Fax
ellen@wrightfamilylawgroup.com

Dated:  May 17, 2019

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for the defendant
Google, Inc. via electronic mail and first class mail.

Ellen Anna Wright, Esq.

# Commonwealth of Massachusetts

MIDDLESEX, SS.    `          SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO. 1981CV00623

| | |
|---|---|
| WRIGHT FAMILY LAW GROUP, P.C )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE, INC. )<br>        Defendant )<br>) | **AMENDED COMPLAINT** |

## PARTIES

1. Wright Family Law Group, P.C. (hereinafter "WFLG") is a professional corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located a 1445 Main Street, Tewksbury, Middlesex County, Massachusetts.

2. Google, Inc. is a foreign corporation headquartered at 600 Amphitheatre Parkway in Mountain View, California. At all relevant times material hereto, defendant Google transacted business within the Commonwealth of Massachusetts. Jurisdiction is therefore proper in Massachusetts.

## VENUE

Damages in this case exceed $25,000 and therefore venue is proper.

## FACTS

3. Sometime in April of 2014 WFLG purchased premium GSuite email accounts for employee use. These email accounts were purchase through a third-party reseller. Google received consideration from the sale of the GSuite email accounts and serviced the GSuite accounts at all times material hereto.

4. This business relationship continued year to year, renewing every month in the Spring. Plaintiff purchased additional email accounts over the course of the following 5 years for a total of 5 GSuite email accounts.

5. Despite security measures put in place, on February 22, 2019 the GSuite email accounts were hacked by an unauthorized third party and were compromised. These emails contained sensitive attorney client communication which constituted a major security breach for WFLG.

6.     In the days that followed, WFLG sent electronic requests to Google to reset the username and password and on at least 3 occasions.  Google does not provide a customer service phone number and so WFLG also included requests for in-person telephone assistance.

7.     Despite the foregoing, Google did not provide any meaningful response to any of WFLG's electronic requests for help.  On February 26, 2019 WFLG sent a letter via priority mail to Google's corporate headquarters in California requesting assistance.

8.     Google did not initiate phone contact with WFLG until March 4, 2019.  At that time, a representative known as "Lili" informed WFLG that they would not restore access because the accounts were purchased through a third party reseller.

9.     Access to the email accounts were eventually restored on March 8, 2019 with the assistance from a technical expert hired by WFLG.

10.    As a consequence of Google's refusal to render assistance, WFLG was locked out of it's company email for 2 weeks.  During that time, the unauthorized party had unfettered access to confidential client communiques.

11.    At all times material hereto, the cell phone number for the president of WFLG was associated with the GSuite accounts.  The cell phone is regularly used for business use, including client contact via text.

12.    Upon information and belief, sometime between February 22, 2019 and March 8, 2019 the unauthorized third party established a Google Voice phone number mask over the aforementioned cell phone line.  The result of this unauthorized configuration causes the plaintiff's cell phone number to be masked by a Google voice number when the plaintiff calls or texts another Google Voice phone number.  Plaintiff has no practicable way of ascertaining what phone numbers in the contact database, or any other number for that matter, are Google Voice phone numbers.

13.    This particular breach was not discovered until May 4, 2019.  Counsel for Google was notified on May 6, 2019 of the situation.  Counsel for Google was also informed of the sensitive client contact information that was contained on the cell phone.

14.    Thereafter, Google, through counsel informed plaintiff that the number was a ██████ "shadow" number and that this was intended to mask the non-Voice number so that identities are protected.  To that end, Google assigned plaintiff's cell phone a random number because plaintiff was interacting with a Google Voice product.

15.    Google knew, or had reason to know that the number was not random, but rather was registered to and individual who purports to reside in Michigan.

16.    Google knew, or had reason to know that that plaintiff had texted the Google Voice phone number in question 10 months previously with no incidents of phone number "masking."

17.    Google knew, or had reason to know plaintiff's first name was attached to the shadow text messages and that there was no "identity protection" associated with the text exchange.

18.    To date Google has taken no proactive measures to resolve the cell phone breach despite actual and constructive notice.

## COUNT I
### Negligence
### Wright Family Law Group, P.C. v. Google Inc.

19.    Plaintiff WFLG incorporates by this reference all allegations contained in paragraphs 1-18 above as fully set forth and contained herein.

20.    Because Google failed to exercise due care in refusing to provide WFLG assistance with restoring the account upon reasonable request and rectifying the unauthorized Google Voice phone number configuration, WFLG has been harmed and has suffered monetary damages.

WHEREFORE, Plaintiff Wright Family Law Group demands judgment against Google, Inc. as follows:

1.    For compensation for costs associated with the loss of and regaining control of the Wright Family Law Group G-Suite accounts for costs associated with hiring an expert;

2.    For attorney fees, interests and costs.

3.    Any other relief the court deems just and proper.

## COUNT II
### Breach of Quasi Contract/Constructive Contract
### Wright Family Law Group, P.C. v. Google, Inc.

21.    Plaintiff WFLG incorporates by this reference all allegations contained in Paragraphs 1 through 20 of this of this complaint, as though fully set forth herein.

22.    Google and WFLG did not have a formal contract because the GSuite email accounts were purchased through a third party re-seller.

23. Despite the foregoing, a quasi-contract or constructive contract existed between the parties due to the nature of the business relationship and the consideration and benefit derived therefrom by both parties.

24. Because Google breached its quasi contract with WFLG in that failed to assist WFLG with timely restoration of the GSuite accounts, WFLG has suffered damages.

WHEREFORE, Plaintiff Wright Family Law Group demands judgment against Google, Inc. as follows:

1. For actual and compensatory damages;

2. For attorney fees, interests and costs;

3. Any other relief the Court deems just and proper.

### COUNT III
### Negligent Misrepresentation
### Wright Family Law Group, P.C. v. Google, Inc.

25. Plaintiff WFLG incorporates by this reference all allegations contained in Paragraphs 1 through 24 of this of this complaint, as though fully set forth herein.

26. Google made false representations as to a past or existing fact as set forth above and had no reasonable ground for believing it to be true.

27. These representations must have been made with the intent to induce WFLG to rely upon them, and dismiss the within action against Google.

28. As a consequence of these representations, WFLG has suffered damages.

WHEREFORE, Plaintiff Wright Family Law Group demands judgment against Google, Inc. as follows:

1. For actual and compensatory damages;

2. For attorney fees, interests and costs;

3. Any other relief the Court deems just and proper.

### Count IV
### Violation of M.G.L. c. 93A §11
### Wright Family Law Group, P.C. v. Google, Inc.

29. Plaintiff WFLG incorporates by this reference all allegations contained in Paragraphs 1 through 28 of this of this complaint, as though fully set forth herein.

30.   Google's failure to act as set forth above constitutes unfair and/or deceptive conduct as per M.G.L. c. 93A §11 and has caused WFLG damages.

31.   Google's misrepresentations concerning the Google Voice phone number masking constitute unfair and deceptive practices in violation of M.G.L. c. 93A §11 and has caused WFLG damages.

WHEREFORE, Plaintiff Wright Family Law Group demands judgment against Google, Inc. as follows:

1.   For actual and compensatory damages;

2.   For attorney fees, interests and costs;

3.   Any other relief the Court deems just and proper.

## COUNT V
### Preliminary Injunction
### Wright Family Law Group, P.C. v. Google, Inc.

32.   Plaintiff WFLG incorporates by this reference all allegations contained in Paragraphs 1 through 31 of this of this complaint, as though fully set forth herein.

33.   Because of the aforementioned security breach, WFLG will suffer irreparable harm within the near future in the emails and activity logs contained on the Gmail server are permanently deleted.

34.   WFLG requires the activity logs from Google in order to perform a forensic analysis of the email accounts to determine the extent of the data breach and what specific information was accessed.

34.   Google will not be prejudiced and carries a burden substantially less than what the WFLG will suffer should injunctive relief be denied.

35.   The plaintiff prays that this court enjoin defendant Google from selling, deleting or otherwise eliminating the emails and all activity logs associated with the GSuite accounts which is of great value and concern in this action.

WHEREFORE, plaintiff WFLG demands a preliminary injunction against defendant Google from deleting or otherwise eliminating the emails and activity logs associated with the GSuite accounts.

Respectfully Submitted Plaintiff,
Wright Family Law Group, P.C
by it's Attorney,


Ellen Anna Wright, Esq. BBO No. 675339
Wright Family Law Group, P.C.
1445 Main St.
Tewksbury, MA 01876
978-851-2291 Office
978-851-2292 Fax
ellen@wrightfamilylawgroup.com

Dated: May 17, 2019